FILED
 2006 May-31  PM 04:32
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

KENTRELL LAMAN NEAL

    Movant,

vs.                                                            CIVIL ACTION NO. 04-8043-S
                                                             CRIMINAL NO. 03-J-321-S

THE UNITED STATES OF AMERICA,

    Respondent.

## **MEMORANDUM OPINION**

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. § 2255.  The movant, Kentrell Neal, was convicted in this court on August 28, 2003, on his plea of guilty to one count of assault on an employee of the United States Postal Service with intent to rob, in violation of 18 U.S.C. § 2114, and to one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924 (c)(1)(A) .  He was sentenced on December 18, 2003, to a term of imprisonment for 80 months as to Count 1 and to a term of imprisonment for 84 months as to Count 2, to be served consecutively to the term of imprisonment imposed in Count 1, followed by a 60-month term of supervised release.  He did not appeal the conviction or the sentence.

In support of his motion to vacate, set aside, or correct his sentence, Neal claims that:

> 1) this court did not accept the appeal waiver clause of the plea agreement;
>
> 2) ineffective assistance of counsel renders his plea agreement null and void;
>
> 3) he has a colorable claim he is actually innocent.

In response to the court's order to show cause, the respondent has filed an answer in which it maintains that the claims are due to be dismissed because they are procedurally barred and/or without merit. By order of the court, the parties were advised that the respondent's answer would be treated as a motion for summary dismissal. The movant was advised that in responding to the motion for summary dismissal, he must supply the court with counter-affidavits and/or documents to set forth specific facts showing that there are genuine issues of material fact to be decided. In response, the movant has filed an unsworn traverse.

## THE APPEAL WAIVER CLAUSE

The movant asserts that this court rejected the appeal waiver clause of his plea agreement and specifically informed him he had a right to appeal. However, a reading of the transcript demonstrated that the court informed Neal as follows:

> The plea agreement states that you waive your right to appeal the court's calculations within the guideline range and waive your right to appeal the plea of guilty and the Court's sentence regarding all non-jurisdictional issues, as well as post-collateral relief, to include habeas corpus and 2255 actions.
> If you believe that the guidelines have been misapplied or the sentence is otherwise in violation of law, you have a right to appeal the sentence imposed within ten days after I sign the judgment.
> If you believe the waiver you have signed is unenforceable, you can also present that theory to the appellate court. With a few exceptions, a notice of appeal must be filed within ten days of judgment being entered in your case.

Sentencing Transcript, at 11. Nowhere did the court reject the waiver provision of the plea agreement. Rather, if movant believed the waiver itself was unenforceable, he could present such a theory to the appellate court within ten days of the judgment. Similarly, if he believed the sentence was in violation of law, he could make such an argument on appeal within ten days of judgment. The movant did not file an appeal within ten days of judgment on either of these issues. The movant does not now argue that but for the waiver he would have appealed his sentence or his conviction. The court thus finds this claim to be without merit.

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's

conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. "Because the [petitioner] must prove both deficiency and prejudice, a [petitioner's] failure to prove either will be fatal to his claim." *Johnson v. Scott,* 68 F.3d 106, 109 (5th Cir. 1995).

Under the *Strickland* test, the petitioner must initially show that counsel's representation fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "While it need not be errorless, counsel's advice 'must be within the realm of competence demanded of attorneys representing criminal defendants.'" *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993)(*quoting Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir.)(en banc), *cert. denied*, 502 U.S. 835 (1991)). In making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise

of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The effectiveness or ineffectiveness of counsel must be evaluated by consideration of the totality of the circumstances. *Stanley v. Zant,* 697 F.2d 955, 962 (11th Cir. 1983), *cert. denied,* 467 U.S. 1219 (1984).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice. Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. *Strickland,* 466 U.S. at 691-92. In order to establish "prejudice, [a petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Williams v. Taylor,* 529 U.S. 362, 391, 120 S.Ct. 1495, 1511-1512 (2000). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Strickland,* 466 U.S. at 694. Furthermore, in addition to showing that the outcome would have been different, a petitioner must prove that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir. 1994)(*citing Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 844 (1993)). In other words, a "counsel's unprofessional errors [must] so upset the adversarial balance between the defense and prosecution that the trial was rendered unfair and

the verdict suspect." *Fretwell,* 506 U.S. at 369, 113 S. Ct. at 842. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Fretwell*, 506 U.S. at 372.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), the Supreme Court held that "the two- part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," and that "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 58-59, 106 S. Ct. at 370-71. *United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).

Neal claims that his counsel "failed to conduct a reasonably adequate investigation before advising petition to plea guilty" because he advised petition to plea guilty only one day after receiving discovery from the defendant pursuant to a discovery motion. In his Guilty Plea Advice of Rights Certification form (doc. 15), Neal certified to the court that he has had enough time to discuss the case with his attorney and that "I am satisfied with the services of my attorney and I have no complaints as to the way he/she has handled my case." At his plea hearing, the court asked Neal if he had any complaints about anything his attorney has done or not done

in connection with his representation of Neal, to which Neal replied "No, ma'am." Plea Transcript at 6. By affidavit, Neal's appointed counsel states that he spent numerous hours with Neal prior to the plea date and that Neal never wavered from the fact that he wanted to plea guilty because he was guilty. Affidavit of B. Dale Stracener, at 3. Neal also signed a statement that he actually committed the crimes to which he plead guilty. Inspection Service Exhibit 33, attached to Movant's response to Government's Response to Order to Show Cause.

Movant does not allege that, but for counsel's advice to plead guilty, he would have wanted a trial. This claim is insufficient to establish that his attorney was constitutionally ineffective. *See Hill*, 474 U.S. at 58-59; 106 S.Ct. at 370-71.

Neal also claims that his attorney was ineffective because he failed to explore and investigate possible mitigating evidence of Neal's psychological state at the time of the offense. Neal makes no claim that such evidence would have changed the outcome of his plea or lessened his sentence. At his sentencing hearing, the court asked Neal, "Do you suffer from any mental or emotional impairment or physical illness that might affect your ability to understand the plea agreement and later on in the sentencing proceeding?" Neal responded, "No, ma'am." Sentencing Transcript, at 6.

Neal does not elaborate on this claim by explaining how evidence regarding his mental state may have changed the outcome of his conviction or his sentence. This claim is insufficient to establish that his counsel was constitutionally ineffective.

## **ACTUAL INNOCENCE**

Movant next claims that his is actually innocent of violating 18 U.S.C. § 924(c)(1)(ii). "[A]ctual innocence" means factual innocence, not mere legal insufficiency. *Bousley* v. U.S. 523 U.S. 614, 623-624, 118 S.Ct. 1604,1611 - 1612 (1998). Neal asserts that the description of the weapon he used to rob a United States Post Office as found by the Grand Jury was incorrect. Count II of the indictment stated that Neal brandished a ".38 caliber revolver, a more exact description being unknown to the grand jury..." However, Neal asserts that the only evidence of the gun used was his own description of it in his signed statement, where he said "The gun was small and radgy it would not fire it wasn't real and didnt have any bullets (sic)." Inspection Service Exhibit 33.

The fact that the gun was unloaded, small, raggedy, or otherwise something less than a useable weapon does not alter its inclusion within 18 U.S.C. § 924(c). The postal clerk who testified as Neal's sentencing stated, "I feel like that he evidently can't function in society or he would have had a job and wouldn't have had a gun..."

Sentencing transcript, at 4. Furthermore, at his guilty plea, the court specifically asked Neal:

> Do you understand that you are charged in Counts (sic) One of the indictment as follows: .... you, Kentrell Laman Neal did assault .... persons having lawful charge, custody, or control of the United States mail matter, money, and other property of the United States with the intent to rob them .... And in doing so, the defendant, that would be you, did place in jeopardy their lives by the use of a .38 caliber revolver of more exact design being unknown to the grand jury ...."

Plea Transcript, at 7. Neal responded "Yes, ma'am." He was then asked if he knowingly brandished a firearm while robbing a post office, to which he again responded, "Yes, ma'am." Plea Transcript at 7-8.

The court finds this claim to be procedurally defaulted. The court clearly explained the elements the government would have to prove beyond a reasonable doubt to convict Neal, and Neal stated under oath that he understood each of the elements. Plea Transcript at 8, 15. In fact, the court even asked Neal if he understood the elements a second time, and further if he understood that the government would have to prove that "you placed them in jeopardy, their lives in jeopardy by the use of a .38 caliber revolver. Do you understand that?" Neal against unequivocally indicated that he understood. Plea Transcript at 16.

The "voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an

extraordinary remedy and "'will not be allowed to do service for an appeal.'" *Bousley v. U.S.,* 523 U.S. 614, 621, 118 S.Ct. 1604, 1610 (1998), citing *Reed v. Farley,* 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (quoting *Sunal v. Large,* 332 U.S. 174, 178, 67 S.Ct. 1588, 1590-1591, 91 L.Ed. 1982 (1947)). Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Bousley,* 523 U.S. at 621, 118 S.Ct. at 1610, citing *United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

By failing to challenge the evidence on appeal, Neal procedurally defaulted the claim he now presents. If a defendant fails to pursue an available claim on direct appeal, he is barred from presenting the claim in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error. *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994). *See also Cross v. United States,* 893 F.2d 1287, 1289 (11th Cir.), *cert. denied,* 498 U.S. 849 (1990). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray,* 477 U.S. at 496).

Neal does not assert that he is "factually innocent."  He does not assert that he did not rob a post office.  Rather, he asserts that the gun he brandished was not loaded or usable and thus should not be considered a firearm.  This is an issue of legal sufficiency which cannot be raised collaterally in a § 2255 motion.  Movant has not shown cause and prejudice to excuse procedural default of this claim.  Therefore, he is barred from raising this claim in this court, and this claim is due to be dismissed.

An appropriate order will be entered.

DONE this 31st day of May, 2006.

 

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE